**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

KEDRICK WILSON                                                CIVIL ACTION

VERSUS                                                        NO. 24-515-SDJ

COMMISSIONER
OF SOCIAL SECURITY

## RULING AND ORDER

Before the Court is a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 22) filed by Plaintiff Kedrick Wilson. The Commissioner of Social Security filed an Opposition to Plaintiff's Motion for Award of Attorney's Fees. (R. Doc. 23). Plaintiff seeks $15,077.12 in attorney's fees under the EAJA. The Court finds that his fee application should be reduced to reflect the customary rate for social security appeals in this district—$175.00—and to deduct hours that do not relate to this civil action or are vague and/or administrative in nature. Therefore, the Court reduces Plaintiff's recoverable fees to $5,250.00 for work performed by attorneys (30 hours at $175.00 per hour) and $2,493.75 for work performed by a law student (33.25 hours at $75.00 per hour) for a total of $7,743.75.

## I.    Background

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of his application for "Social Security Disability and/or Supplemental Security Income Benefits."[1]  Plaintiff filed a Memorandum in Support of Appeal on October 25, 2025.[2]  The Commissioner, in response, filed an Unopposed Motion to Reverse and Remand Under Sentence Four of the Social Security Act, 42 U.S.C. § 405(g), in which he requested that the matter be

---

[1] R. Doc. 1.
[2] R. Doc. 14.

remanded "to further develop the record, conduct additional administrative proceedings, and issue a new decision."[3]  This Court, on March 17, 2025, issued an Order remanding the case for further administrative proceedings.[4]  Plaintiff then filed his Motion for Attorney Fees Pursuant to the Equal Access to Justice Act on June 13, 2025, seeking a fee award under the EAJA of $15, 077.12.[5] Plaintiff seeks compensation for 16.50 hours of attorney work in 2023 totaling $3,487.30, 33.75 hours of attorney work in 2024 totaling $8,139.82, and 46 hours in law student work totaling $3,450 for a combined total of $15,077.12.[6] Plaintiff moves this Court grant an hourly rate of $233.17 for the work performed in 2023 and an hourly rate of $241.18 for  the work performed in 2024.[7] The Commissioner filed an Opposition to Plaintiff's Motion for Award of Attorney Fees on July 7, 2025, arguing that the "Court should reduce recoverable fees to $7,743.75—which reflects the reasonable hourly rate awarded in this district for social security appeals and a reduction of hours that do not relate to fees incurred in this civil action or are vague and/or administrative in nature."[8]

## II.    Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.  28 U.S.C. § 2412.  Attorney fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  There is no dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs under the EAJA.

---

[3] R. Doc. 19 at 1.
[4] R. Doc. 20.
[5] R. Doc. 22.
[6] R. Doc. 22 at 1.
[7] R. Doc. 22 at 3.
[8] R. Doc. 23 at 1.

Plaintiff seeks $15,077.12 in attorney's fees under the EAJA.[9] This amount accounts for 16.50 hours of attorney work in 2023 at $233.17 per hour; 33.75 hours in 2024 at $241.18 per hour; and 46 hours of work performed by a law student at $75.00 per hour.[10] For the reasons stated below, the Court reduces the recoverable fees to $7,743.75—which reflects the reasonable hourly rate awarded in this district for social security appeals and a reduction of hours that do not relate to fees incurred in this civil action or are vague and/or administrative in nature.

Plaintiff requests that the Court apply an hourly rate of $233.17 for work his attorneys performed in 2023 and $241.18 for work his attorneys performed in 2024. Such rates have been rejected in this district in recent social security appeals. This Court has consistently awarded EAJA fees at $175.00 per hour (or less) in social security appeals. *Frank v. O'Malley*, No. 24-376-EWD, 2025 WL 1202542, at *3 n.25 (M.D. La. Apr. 25, 2025) (noting that the Fifth Circuit has emphasized the importance of maintaining uniformity within districts when calculating fee adjustments under the EAJA) (citing *Hall v. Shalala*, 50 F.3d 367, 368 (5th Cir. 1995)). This Court has found an hourly rate of $175.00 to be reasonable in social security appeals. *See*, *e.g.*, *Gann v. Colvin*, 2017 WL 385038, at *3 (M.D. La. Jan 27, 2017), *Ricks v. Comm'r of Soc. Sec.*, 2020 WL 2130989, at *1 (M.D. La. May 5, 2020). Applying this district's customary hourly rate—i.e., $175.00—for a social security appeal reduces Plaintiff's recoverable fees to $8,793.75 (50.25 hours x $175.00) for work performed by attorneys plus $3,450.00 (46 hours x $75.00) for work performed by a law student for a total of $12,243.75. The Court further reduces Plaintiff's fees because, as stated below, several entries do not relate to work incurred in the case before this Court or are duplicative and/or administrative in nature, and thus are not recoverable.

---

[9] R Doc. 22. The Court's calculation of the hours and rates submitted by Mr. Wilson totals $15,437.13, not $15,077.12 ((16.50 hours x $233.17) + (33.75 hours x $241.18) + (46 hours x $75.00)).

[10] R, Doc. 22 at 1.

Plaintiff seeks fees for 96.25 hours. This includes 50.25 hours for work performed by attorneys and 46 hours by a law student. He contends that these hours are reasonable. However, Plaintiff's fee application is 140% more than the high-end of the typical range of hours submitted in a social security appeal. *See Noris Giles R. v. Kijakazi*, No. 20-1220, 2021 WL 5826780, at *2 (S.D. Tex. Dec. 8, 2021) ("Typically, in Social Security cases, fee applications range from twenty to forty hours."). Thus, on its face, the hours submitted are not reasonable. This is particularly so since the Commissioner voluntarily remanded this case before submitting an opposition memorandum. So, unlike most social security appeals, Plaintiff was not required to review an opposition memorandum or submit a reply memorandum. The fee applicant—Plaintiff—bears the burden of supporting the reasonableness of all time expenditures. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Court first notes that Plaintiff may only recover fees under EAJA for time spent litigating his social security appeal before this Court, not the administrative proceeding. *See, e.g.*, *Noris Giles R.,* 2021 WL 5826780, at *2 n.6 ("Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action.'") (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also* *Melkonyan v. Sullivan*, 501 U.S. 89, 94 (1991) (noting that Section 2412 does not allow for "fees and expenses for administrative proceedings conducted prior to the filing of a civil action.").

Plaintiff's instant lawsuit was filed on June 24, 2024.[11] Yet he submitted billing entries that date back to November 13, 2023.[12] Those entries from 2023 relate to reviewing the administrative

---

[11] R. Doc. 1.
[12] R. Doc. 22-2 at 1.

decision and thereafter researching and drafting a "social security appeal letter."[13] Such entries

relate to the administrative proceeding, not the drafting and filing of his federal complaint before

this Court. *See, e.g., Jaros v. Astrue*, No. 08-1014CAS, 2010 WL 1992197, at *1 (E.D. Mo. May

17, 2010) (citing 28 U.S.C. 2412(d)(1)(A) and disallowing hours incurred during the

administrative process thereby reducing the amount requested from $6,778.46 to $2,547.64). This

results in a deduction of attorney hours submitted for 2023 (16.5 hours). Thus, reducing attorney

hours to 33.75 hours (50.25 hours – 16.5 hours). This number is further reduced by an hour (to

32.75) because of an entry included under the attorney hours that were performed by the law

student and also included in the law student's hours.[14]

Regarding time entries from 2024, several are vague and/or are administrative in nature;

thus, not recoverable. Supporting documentation for attorney's fees must be of sufficient detail to

enable the court to "determine with a high degree of certainty" that the billing is reasonable. *Miss.

State Chapter Operation Push v. Mabus*, 788 F. Supp. 1406, 1416 (N.D. Miss. Mar. 4, 1992); *see

League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228, 1233 (5th Cir.

1997) (noting that litigants "take their chances" when submitting vague fee applications). Stated

another way, vague entries are those that are "not illuminating as to the subject matter" or "vague

as to precisely what was done." *Danos v. Panel Specialists, Inc.*, No. 22-14, 2023 WL 6167152,

at *4 (E.D. La. July 24, 2023), *report and recommendation adopted*, No. 22-14, 2023 WL 6161017

(E.D. La. Sept. 21, 2023) (quoting *Barrow v. Greenville Indep. Sch. Dist.*, No. 00-0913-D, 2005

WL 6789456, at *11 (N.D. Tex. Dec. 20, 2005), *aff'd,* No. 06-10123, 2007 WL 3085028 (5th Cir.

Oct. 23, 2007)). Courts have found entries such as "review file," "preparation of correspondence,"

---

[13] R. Doc. 22-2 at 1.

[14] *See* R. Doc. 22-2 at 2, 3 (6/27/24, Kellie Kirkland, "communicated with middle district e-filing help desk to troubleshoot certificate of interested persons").

"review correspondence," "phone conference with co-counsel," "legal research," and "review email" were vague and did not award attorney fees for these entries. *See Danos*, 2023 WL 6167152, at *4; *see also Hoffman v. L & M Arts*, No. 10-0953-D, 2015 WL 3999171, at *5 n.6 (N.D. Tex. July 1, 2015) ("Litigants take their chances when submitting such fee applications, as they provide little information from which to determine the 'reasonableness' of the hours expended on tasks vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision.")

Additionally, there are several entries that are administrative in nature and not recoverable. "It is well established that 'when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate.'" *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (citation omitted) (reducing hours billed for time attorney spent copying and Bates-numbering documents). "Clerical work includes copying, typing, labeling, faxing, mailing, filing and/or delivering pleadings/documents." *Id.* Other examples include "finalized and sent complaint to co-counsel", "prepared civil cover sheet", "filed amended complaint", "prepared summons" and "e-filing motion for approval of partial settlement." *Danos*, 2023 WL 6167152, at *4 (disallowing entries that were administrative in nature). The deductions below result in a reduction of 2.75 hours for work performed by attorneys and 12.75 hours for work performed by the law student. The following shows the vague and administrative entries that the Court finds should be deducted from the total hours:

**Jesse Lind (attorney)**

| 6/17/24 | Meeting with Kelli | Vague | .25 |

### Todd Hebert (attorney)

| Date | Task | Note | Hours |
|------|------|------|------|
| 6/24/24 | Finalize and file pleadings | Vague and administrative in nature | 2 |
| 6/25/25 | Finalize and file the Certificate of Interested Parties | Vague and administrative in nature | .25 |
| 8/27/24 | Review email from the Court | Vague | .25 |
| **Total** | | | **2.75** |

### Kelli Kirkland (Law Student)

| Date | Task | Note | Hours |
|------|------|------|------|
| 6/20/24 | Compiled documents to send to legal director via email | Vague and administrative in nature | .5 |
| 6/17/24 | Met with attorney to review drafts and ensure we are ready to submit this week | Vague | .25 |
| 6/11/24 | Connecting facts with appropriate documents to make numbering easier in the future | Vague | 1.0 |
| 6/12/24 | Investigated Middle District Court's policies and how to properly apply to represent in that federal district. Reviewed application. | Vague and administrative in nature[12] | 1.25 |
| 5/31/24 | Completed first draft of IFP and complaint, began drafting documents that will be needed after filing | Vague and block-billing | 4.5 |
| 6/27/24 | Communicated with middle district e-filing help desk to troubleshoot certificate of interested persons | Vague and administrative in nature | 1 |

| 6/27/24 | Spoke again with e-filing help desk to verify process | Vague and administrative in nature | .25 |
| 6/28/24 | Aided in SSA application | Vague and does not relate to fees incurred in this civil action | 2 |
| 7/2/24 | Aided in filling out SSA application for the state | Vague and does not relate to fees incurred in this civil action | 2 |
| **Total** | | **12.75** | |

Applying these deductions brings Plaintiff's recoverable hours to 30 hours (32.75 hours – 2.75 hours) for attorney hours and 33.25 (46 hours – 12.75 hours) for work performed by a law student.[15]

Finally, the practice in this Circuit has been to award EAJA attorney fees directly to the plaintiff.[16]  In keeping with this precedent, the award of EAJA attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

III.    **Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 22) is **GRANTED in part and DENIED in part**. Plaintiff seeks $15,077.12 in attorney's fees under the EAJA. The Court reduces Plaintiff's recoverable fees to $5,250.00 for work performed by attorneys (30 hours at $175.00 per hour) and $2,493.75 for work performed by a law student (33.25 hours at $75.00 per hour) for a total of $7,743.75.

---

[15] Plaintiff requested six hours for the entry dated 5/31/24. (R Doc. 22-2 at 6). However, this entry constitutes block-billing; thus, the Commissioner requested that this entry be reduced by 25% (i.e., to 4.5 hours). See, e.g., Canon U.S.A., Inc. v. S.A.M., Inc., No. 07-1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009) (Block billing "can make it impossible for the court to determine the reasonableness of the hours spent on each task....") (reducing fee award by twenty-five percent for block billing). The Court finds the Commissioner's request reasonable.

[16] See Jackson v. Astrue, 705 F.3d 527, 531 n. 11 (5th Cir. 2013) (nothing that "the government pays EAJA fees directly to the litigant"); Craig v. Colvin, No. 15-583, 2016 WL 4689044, *3 (M.D. La. Sep. 6, 2016) (holding that under Ratliff award shall be made directly to the plaintiff, not her counsel).

8

**IT IS FURTHER ORDERED** that the Commissioner shall remit to Plaintiff's counsel a check made payable to "Kendrick Wilson" for attorney fees in the amount of $7,743.75 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  The check may be mailed to Plaintiff's counsel.  Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government.  The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on March 16, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

9